# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JAQUAY HILER,**

    **Plaintiff,**

  v.                                                 Case No. 14-CV-1543

**WILLIAM POLLARD, DR. MARTHA J. BREEN,
OFFICER TILST, PETER ERICKSON,
MARK ZIMONICK, JEAN LUTSEY,
OFFICER FORD, OFFICER FUTHER,
LT. SWIEKATAWSKI, SGT. HAMILTON,
OFFICER WISNIEWOSKI, LT. LESATZ,
CAPTAIN LAURENT, OFFICER JONATHAN BATE,
OFFICER WALTON, SGT. SCHUH,
OFFICER WELCH, OFFICER BOUCHONVILLE,
SGT. RITZLAFF, and CAPTAIN SCHULTZ,**

    **Defendants.**

## SCREENING ORDER

The pro se plaintiff, JaQuay Hiler, is a Wisconsin state prisoner. He has filed a civil rights action pursuant to 42 U.S.C. § 1983 along with a petition for leave to proceed in forma pauperis. Plaintiff has paid a $1.00 initial partial filing fee. See 28 U.S.C. § 1915(b)(1).

Under the Prison Litigation Reform Act, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff has accumulated three "strikes," as follows: (1) Hiler v. Ericksen, Case No. 08-CV-821-LA (E.D. Wis.), dismissed for failure to state a claim on April 21, 2008; (2) Hiler v. Pollard, Case No. 08-CV-736-LA (E.D. Wis.), dismissed as frivolous on December 3, 2008; and (3) Hiler v. Taylor, Case No. 08-CV-333-SLC (W.D. Wis.), dismissed as frivolous on July 18, 2008. Because plaintiff has previously filed at least three actions which were dismissed as frivolous, malicious, or for failure to state a claim, his request to proceed in forma pauperis on appeal will be denied.

Nevertheless, plaintiff incurred the filing fee by filing the complaint. Newlin v. Helman, 123 F.3d 429, 433-34 (7th Cir. 1997), rev'd on other grounds by, Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000). The fact that I am denying plaintiff's request to proceed in forma pauperis would ordinarily mean that the full filing fee of $350.00 would be due within fourteen days of this order. Newlin, 123 F.3d at 434.

However, even if plaintiff paid the full filing fee, I would not allow his complaint to proceed. I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore,

dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citation omitted).

Plaintiff's complaint is based on his stay in Green Bay Correctional Institution's segregation unit in 2005. He has raised these allegations in prior complaints and courts previously deemed them frivolous. In this complaint, he alleges:

> My imminent danger of death or serious bodily injury is defendants emerged evil and hate toward plaintiff nerve racking screaming obscenities uncontrollable. And toward plaintiff overactive sexual imagination that associate in sexual interact with himself. During plaintiff stay at Green Bay Correctional Institution segregation unit January 6, 2005, through May 26, 2005. Defendants w[ere] aware that complicated medical procedures w[ere] done to keep plaintiff at his misery. Leave plaintiff incapable of realizing and making rational decisions of meet ordinary demand of life institution. And while at other Wisconsin institutions. Also while out custody of Department Correction. So defendants w[ere] aware or participate in den[ying] plaintiff four and half months of outside recreation. To torture plaintiff explicit and embarrassing ways. And sexual torture plaintiff explicit and embarrassing ways. Without my consent or knowledge I plaintiff swallowed more than one Robotic Capsule Device during stay at Green Bay Correctional Institution segregation unit.

(Compl. ¶ IV.A.)[1] Plaintiff claims that defendants conspired to endanger his safety. He requests that the court order a physical examination to determine what is in his body. Plaintiff also seeks an investigation into the cover-up at Green Bay Correctional Institution's

---

[1] On March 4, 2015, plaintiff filed a motion to properly state plaintiff's facts. In this document, plaintiff provides details of his 2005 stay in the segregation unit as well as the implantation of the Robotic Capsule Device in his body.

segregation unit and removal from Wisconsin Department of Corrections custody during the investigation.

"A claim is factually frivolous if its allegations are bizarre, irrational or incredible." Edwards v. Snyder, 478 F.3d 827, 830 (7th Cir. 2007) (citing Gladney v. Pendleton Corr. Facility, 302 F.3d 773, 774 (7th Cir. 2002)); cf. Neitzke, 490 U.S. at 327 (a claim is factually frivolous under § 1915 if it is "clearly baseless"); Denton, 504 U.S. at 33 (explaining that a "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible").

As indicated, plaintiff has previously filed lawsuits regarding these allegations, although he referred to the implantation of a "20/20 Neural Chip" in those cases, instead of the "Robotic Capsule Device" he references in this case.[2] The allegations were found to be frivolous in the prior cases. I once again conclude that these allegations are factually frivolous. Consequently, plaintiff's complaint will be dismissed.

## CONCLUSION

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to pay initial partial filing fee (ECF No. 9) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion to properly state fact (ECF No. 12) is **DENIED AS MOOT**.

---

[2] Plaintiff made these allegations in Hiler v. Pollard, 07-CV-863-LA (E.D. Wis.), Hiler v. Pollard, 08-CV-736-LA (E.D. Wis.), and Hiler v. Taylor, 08-CV-333-SLC (W.D. Wis.).

4

**IT IS FURTHER ORDERED** that this action is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed as frivolous under 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's trust account the $349.00 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the Warden of Waupun Correctional Institution.

Dated at Milwaukee, Wisconsin, this 15th day of April, 2015.

                                                             s/ Lynn Adelman
                                                             _____
                                                             LYNN ADELMAN
                                                             District Judge